IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddy Ludwig Wambach, ) | C/A No.:1:10-2913-HFF-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Larry Powers, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Freddy Ludwig Wambach, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at the Spartanburg County Detention Center ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. It is recommended that Petitioner's habeas petition be dismissed without prejudice for failure to exhaust state court remedies.

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

II.     Discussion

While imprisoned in the SCDC, Petitioner was charged with malicious/willful injury to courthouse/jail on May 25, 2009. Compl. at 3 [Entry #1]. Petitioner alleges he

asked for a preliminary hearing on the charge in May 2009, but was not given such a hearing, and he disputes court records that indicate he was brought before the court for a preliminary hearing on August 21, 2009 and October 10, 2009. *Id.* at 3–6. At a bond hearing on May 25, 2009, a court date of July 16, 2009 was set on the malicious injury charge. *Id*. at 3. On August 5, 2009, while still in the detention center, Petitioner was served with a bench warrant for failure to appear at the hearing on July 16, 2009. *Id.* at 3–4. Petitioner was brought before the court on August 6, 2009 "to plea[d] guilty," but Plaintiff chose to proceed to trial. *Id.* at 4–5. An attorney was appointed in November 2009. *Id*. at 6.

On April 13, 2010, Petitioner's case was called for a jury trial on the malicious injury charge. Compl. at 6-7 [Entry #1]. Upon entering the courtroom, Petitioner addressed the judge and "asked Judge Cole was he running a kang[a]roo court," after which the judge proclaimed "6 months in jail" and the Petitioner was removed from the courtroom. *Id.* Shortly thereafter, Petitioner was returned to the courtroom and the judge "explained to petitioner that while the jury was being seated that he must keep quiet." *Id.* at 8. Petitioner again "asked [J]udge Cole was he running a kang[a]roo court, because petitioner never was arraigned for the charges; or had a preliminary hearing." *Id.* The judge subsequently found Petitioner in direct criminal contempt of court and sentenced him to six months imprisonment. *Id*. Petitioner initiated an appeal of the contempt charge to the South Carolina Court of Appeals, but apparently Petitioner had not received a final decision at the time Petitioner filed his federal habeas petition. *Id*. at 8–11.

Petitioner also filed a habeas/post conviction relief action in state court on June 21, 2010, which is still pending. *Id.* at 12–13.

Petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 challenging both his contempt of court judgment and his pending charge for malicious/willful injury to courthouse/jail. The § 2254 petition is dated November 4, 2010, and it was received by this court on November 9, 2010. Thus, the earliest date the petition could be considered filed is the date on the petition itself, November 4, 2010. *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Petitioner argues his right to procedural due process has been violated by the state court; his right to appeal the contempt order has been denied; his Sixth Amendment right to counsel has been violated by the state's failure to appoint counsel for him on his appeal of the contempt order; and his constitutional rights have been violated by the state's failure to conduct a mental competency hearing for Petitioner. Compl. at 16–20 [Entry #1]. Petitioner seeks the following relief pursuant to § 2254:

> (1) the exhaustion requirement be excuse based on the ungrateful actions of the respondent; (2) the above warrant/indictment be dismiss based on the ungrateful actions of the respondent; (3) the contempt order be vacated as a void judgment giving the lack of juri[s]diction under Rule 2(a)(b)(c)(d)(e) of the S. C. Criminal Procedures, as well as procedural due process violations under the Supreme Court of the United States cited cases. Supra; (4) hold evidentiary hearing; (5) free petitioner from this unconstitutional confinement in violation 4th, 5th, 6th, 8th, & 14th Amendments to the United States Constitution.

*Id.* at 21.

B.  Analysis

Exhaustion of remedies is required prior to filing a habeas petition pursuant to either 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2254(b)(1)(A); *see also Timms v. Johns*, 627 F.3d. 525 (4th Cir. 2010) (exhaustion of remedies required prior to filing for habeas relief under § 2241).  Although waiver of the exhaustion requirement could be considered, as Petitioner has requested, such a waiver in this case would not assist Petitioner because the petition is subject to dismissal otherwise.

A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a); *see also* 28 U.S.C. § 2241(c)(3).  The "in custody" requirement necessitates "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  Petitioner was found to be in direct contempt of court on April 13, 2010, and sentenced to six months imprisonment.  It is inferred that the six month sentence began to run on the date it was imposed, so the six month sentence expired in October of 2010.  Consequently, Petitioner was not "in custody" under the contempt of court order when he signed his federal habeas petition on November 4, 2010.  Petitioner's six month sentence had fully expired at the time he filed his federal habeas petition, and therefore *Maleng* bars this court from entertaining his federal habeas petition challenging his contempt of court sentence.  Further, his request to be released from confinement on his contempt of court sentence is moot because he is no longer imprisoned under the

5

contempt of court sentence. *See Broughton v. State of N.C.*, 717 F.2d 147 (4th Cir. 1983) (where state prisoner had completed serving contempt of court sentence, claim for habeas relief moot). In fact, Petitioner was already imprisoned on another charge when he received the contempt of court conviction and sentence. He could not have been released from incarceration, even if he filed for federal habeas relief while in custody on the contempt of court sentence and successfully argued that he was "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner would remain incarcerated under the original criminal charges pending in his state criminal case. Petitioner is not entitled to relief in this court based on his challenge of his contempt conviction.

Petitioner was "in custody" for purposes of the pending state criminal case involving the charge for malicious/willful injury to courthouse/jail at the time he filed his federal habeas action. Petitioner's challenge to his pending state criminal case in his federal habeas petition is considered under 28 U.S.C. § 2241, not § 2254, because he does not challenge a state judgment. 28 U.S.C. § 2254(a) ("district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). Federal habeas corpus relief for a state prisoner is ordinarily available post conviction under § 2254. A pretrial habeas petition, however, can be brought under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (petitioner's federal habeas petition brought prior to conviction could be considered by district court). The Court in *Braden* cautioned though that "nothing we

have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493.

A well-established "fundamental policy against federal interference with state criminal prosecutions" exists. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Courts have long held that a federal court should abstain from equitably interfering with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37); *see also Braden*, 410 U.S. at 489 ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The *Younger* Court reaffirmed that "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. at 43–44. As the Supreme Court stated in *Kugler v. Helfant*, 421 U.S. 117, 124 (1975), "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Petitioner has not shown special or extraordinary circumstances that would justify federal intervention in his pending state court criminal case, as he requests in his federal habeas petition. This court should abstain from equitable intervention in the Petitioner's pending state criminal case, and the habeas petition should be dismissed without prejudice.

III.    Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice and without requiring a response by the respondent.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 7, 2011                                                Shiva V. Hodges
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**